## BROOKS v. CHILTON et al.

An answer which denies generally all the allegations of the complaint, is equivalent to the general issue at common law, and ought not to be struck out as sham or frivolous.

Under it, payment or failure of consideration may be proved, and it admits nothing but the execution of the instrument declared on.

By verification of the complaint the plaintiff can prevent the defendant from interposing a general denial in suits on promissory notes or bills of exchange, by requiring a sworn answer.

APPEAL from the District Court of the Sixth Judicial District.

The plaintiffs, doing business as Brooks & Co., declared on an inland bill of exchange for $1,100, drawn by A. L. Chilton on Jas. H. Ray, and accepted by the latter, but not paid, and due notice thereof given to Chilton. The defendants filed an answer, in which they "deny each and every allegation in the said complaint contained." The answer also pleads certain sums paid by Ray as set-offs, and concludes as follows: "And the said defendants further answering said

complaint, deny that they are indebted to said plaintiffs in the sum of eleven hundred dollars, or in any other sum whatever, and therefore pray, etc."

On motion of the plaintiffs, supported by affidavit, the Court below struck out the answer as frivolous, and entered judgment for plaintiffs. Defendants appealed.

*Winans* for Appellants.

Defendants' answer pleads a general denial to a complaint not verified.

The pleading cannot be false or sham, because it asserts nothing, but only denies what plaintiffs assert.

" The practice of striking out sham answers and defences, was never applied to a pleading which, without alleging new matter, merely denied some allegations in the pleading which it purported to answer." 1 Monell's Prac., (2d ed.,) 588; White *v.* Bennett, 7 Howard's Prac. Rep., 61.

Again : " It was the fault of the plaintiff that defendant was enabled to interpose a pleading, which should put plaintiff to the proof of all that is alleged in the complaint. Plaintiff might, by verifying his own pleading, have required a verified answer from defendant." Livingston *v.* Tinkle, 8 Howard's Pr. Rep, 487.

" An answer which denies generally and specifically, each and every allegation in the complaint, neither complaint or answer being verified, cannot be stricken out as sham or false." Livingston *v.* Tinkle, 8 Howard's Pr. Rep., 485 ; also Gaedel *v.* Robinson, 1 Abbott, 41.

*Ralston and Wallace* for Respondents.

The general denial, so far as Ray was concerned, was no answer at all, as is established by the fifty-third section of our Practice Act. What had we to prove against him, after he had admitted signing the instrument, on trial ? Nothing at all. He is not entitled to any notice. There is no necessity to prove any consideration. The instrument itself imports consideration. We are not to hunt him up a defence.

If any defence could have been made by Ray, after admitting signing the instrument, by not denying it under oath, it must, *ex necessitate*, have been in the nature of affirmative matter, whether or not the leniency of the Court would have allowed him to prove it under a general denial or the general issue.

The Court will bear in mind that Chilton was the drawer, and Ray the acceptor, of the draft. It was at our option to sue either one separately or both jointly. We might, on trial, have failed as against one, and recovered as against the other. The only difference of proof was, as to the notice to the drawer. It is true we averred, in our complaint, that Chilton had notice of Ray's default of payment of the draft; and Chilton's general denial, not sworn to, put that fact in issue, so far as he was concerned, but would avail nothing as regards Ray.

The principle involved in this case has been fully adjudicated upon in this Court, in the case of Grogan and Lent v. Rickle, 1 Cal. R., 193.

This doctrine has been ably reviewed in New York, in cases of Mein v. Coollidge and Ferguson, in Second C. Rep., 125; also, 18 Wend. Rep., 565, case Broome County Bank v. Lewis et al.; Brewster v. Hall, 6 Cowen's Rep., 34.

But some of the cases say a general denial cannot be false, because it does not assert anything.

The Court will bear in mind that the power of the Courts are never invoked because of the falsehood perpetrated in pleading, but on account of the injury and delay occasioned the opposite party, without any legal excuses for it, which, in its consequences, is as mischievous as special answer.

If the Court should think that there is error as to Chilton, we insist that judgment is properly taken against Ray.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred,

An answer that denies generally all the allegations of the complaint has before been decided equivalent to the general issue at common law, and ought not to be struck out as sham or frivolous; under it, payment or failure of consideration, may be proved, and it admits nothing, under our statute, but the execution of the instrument declared.

If the plaintiff wishes to prevent the defendant from interposing a general denial in suits upon promissory notes or bills of exchange, he should verify his complaint, which will render a sworn answer necessary; otherwise he cannot object to a plea, such as was filed in this case.

Judgment reversed and cause remanded.